

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 24, 2012

Raymund A. Paredes, Ph.D.
Commissioner of Higher Education
Texas Higher Education Coordinating Board
Post Office Box 12788
Austin, Texas 78711-2788

Opinion No. GA-0969

Re: Authority of the Texas Higher Education Coordinating Board to promulgate a rule that would permit a veteran who is entitled to two kinds of federal education benefits to be eligible to apply for benefits under section 54.341, Education Code, based upon the federal program to which the veteran opts to apply rather than on the federal program which he or she is entitled to use (RQ-1053-GA)

Dear Commissioner Paredes:

You inquire about the authority of the Texas Higher Education Coordinating Board to promulgate a rule that would permit a veteran who is entitled to two kinds of federal education benefits[1] to be eligible to apply for benefits under section 54.341, Education Code, based upon the federal program to which the veteran opts to apply rather than on the federal program which he or she is entitled to use.[2] Under the federal Montgomery GI Bill program known as Chapter 30, qualifying veterans are eligible to receive monthly allowance payments "to help meet, in part, the expenses of . . . subsistence, tuition, fees, supplies, books, equipment, and other educational costs" associated with full-time enrollment at any institution of higher education. 38 U.S.C.A. § 3014(a) (West 2002). In the Post-9/11 GI Bill benefits program known as Chapter 33, educational benefits are remitted directly to the university by the federal government, unlike the allowance payments under Chapter 30, which are paid directly to recipients. *See id.* § 3313(h) (West Supp. 2012). Federal law precludes veterans from receiving both Chapter 30 and Chapter 33 benefits at the same

---

[1]*See* Montgomery GI Bill Act of 1984, Pub. L. No. 98-525, 98 Stat. 2553 (1984) (codified as amended at 38 U.S.C.A. §§ 3001–36 (West 2002 & Supp. 2012) and 10 U.S.C.A. §§ 708, 2006, 2138, 16136 (West 2010 & Supp. 2012)) ("Chapter 30"); Post-9/11 Veterans Educational Assistance Act of 2008, Pub. L. No. 110-252, 122 Stat. 2357 (2008) (codified as amended at 38 U.S.C.A. §§ 3301–24 (West 2002 & Supp. 2012) and 10 U.S.C.A. § 16132a (West Supp. 2012)) ("Chapter 33").

[2]*See* Letter from Raymund A. Paredes, Ph.D., Comm'r, Tex. Higher Educ. Coordinating Bd., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Apr. 13, 2012), http://texasattorneygeneral.gov/opin ("Request Letter").

time. *See id.* §§ 3033(a)(1), 3322 (West 2002); 38 C.F.R. § 21.9690 (2011) (Nonduplication of Educational Assistance).

Because a veteran may not receive Chapter 30 and Chapter 33 benefits at the same time, the Texas Veterans Commission ("Commission") has asked the Texas Higher Education Coordinating Board (the "Board") to adopt a rule based on which benefits the veteran elects to pursue. *See* 38 U.S.C.A. §§ 3033(a)(1), 3322 (West 2002); 38 C.F.R. § 21.9690 (2011) (Nonduplication of Educational Assistance). You ask "whether the Hazlewood Act Exemption permits [the Texas Higher Education Coordinating Board] to promulgate rules which would allow a veteran applying for the Exemption who is otherwise entitled to [federal] Chapter 33 benefits to not first exhaust his or her Chapter 33 benefits." Request Letter at 4. You indicate that the Board is concerned that such a rule would conflict with the Board's authority under the Education Code. *See id.* at 1, 4.

Under the state Hazlewood Act Tuition Exemption ("Exemption"), veterans of the United States military who meet statutory residency requirements are exempt from "tuition, dues, fees, and other required charges, including fees for correspondence courses but excluding general deposit fees, student services fees, and any fees or charges for lodging, board, or clothing" at state universities and institutions of higher education. TEX. EDUC. CODE ANN. § 54.341(a) (West Supp. 2012). The Legislature, however, limited the Exemption by providing that it "does not apply to a person who at the time of registration is entitled to receive educational benefits under federal legislation that may be used only for the payment of tuition and fees if the value of those benefits received . . . is equal to or exceeds the value of the exemption . . . ." *Id.* § 54.341(e).

The legal issue you present is whether the Board, an administrative agency, has the authority to adopt a rule. An administrative agency has only those powers expressly granted to it by statute and those necessarily implied from its statutory authority or duties. *See Tex. Nat. Res. Conservation Comm'n v. Lakeshore Util. Co.*, 164 S.W.3d 368, 377–78 (Tex. 2005). Accordingly, an "agency may adopt only such rules as are authorized by and consistent with its statutory authority." *Pruett v. Harris Cnty. Bail Bond Bd.*, 249 S.W.3d 447, 452 (Tex. 2008) (citation omitted). A court will generally defer to an agency's interpretation of the statute it is charged with enforcing, "'so long as the construction is reasonable and does not contradict the plain language of the statute.'" *R.R. Comm'n v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 625 (Tex. 2011) (quoting *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 632 (Tex. 2008)). Here, the Legislature expressly authorized the Board to promulgate rules "to provide for the efficient and uniform application of [section 54.341]." TEX. EDUC. CODE ANN. § 54.341(i) (West Supp. 2012). Thus, we examine the relevant language of section 54.341.

Subsection 54.341(e) provides that

> [t]he exemption from tuition, fees, and other charges provided for by this section does not apply to a person who at the time of registration is entitled to receive educational benefits under federal legislation that may be used only for the payment of tuition and fees if the value of those benefits received in a semester or other term is equal to or

exceeds the value of the exemption for the same semester or other term. If the value of federal benefits that may be used only for the payment of tuition and fees and are received in a semester or other term does not equal or exceed the value of the exemption for the same semester or other term, the person is entitled to receive both those federal benefits and the exemption in the same semester or other term. The combined amount of the federal benefit that may be used only for the payment of tuition and fees plus the amount of the exemption received in a semester or other term may not exceed the cost of tuition and fees for that semester or other term.

*Id.* § 54.341(e). By its plain language, subsection 54.341(e) consistently refers to "benefits received." *See id.* The first sentence's restriction applies "if the value of those *benefits received* in a semester or other term is equal to or exceeds the value . . . ." *Id.* (emphasis added). The second sentence applies only "[i]f the value of federal benefits that may be used only for the payment of tuition and fees and are *received* in a semester or other term does not equal or exceed the value . . . ." *Id.* (emphasis added). And the final sentence also speaks in terms of the "exemption received," not the amount for which the veteran is eligible. *See id.* Given this clear language, a rule conditioning the application of the Exemption on the basis of benefits received rather than on the benefits to which the veteran is entitled is not contrary to the plain language of subsection 54.341(e). Nor can we say that such a proposed rule is unreasonable under the language of subsection 54.341(e). Accordingly, a court would likely conclude that such a proposed rule is within the scope of the Board's authority.

Because you ask a specific question about one aspect of a particular proposed rule, we do not generally address the discretion of the Board to implement alternatives to this proposed rule. Nor do we address the validity of different interpretations or constructions of subsection 54.341(e). Further, because the Texas Legislature has charged the Board with applying the Hazlewood Act, we recognize that it is the Board's responsibility in the first instance, subject to judicial review, to fully construe subsection 54.341(e) and to determine whether to adopt a rule such as that proposed by the Commission. *See* Tex. Att'y Gen. Op. No. GA-0899 (2011) at 2–3 ("Rather, we leave it to the [State Cemetery] Committee to determine, in the first instance and subject to judicial review, the exact scope of its operational authority, and whether that authority necessarily includes the power to regulate bicycles."). We conclude only that the plain text of subsection 54.341(e) does not preclude a rule that allows a veteran applying for the Hazlewood Act Tuition Exemption who is eligible for federal Chapter 33 benefits to not first exhaust his or her Chapter 33 benefits.

## S U M M A R Y

Under section 54.341 of the Education Code, a court would likely conclude that the Texas Higher Education Coordinating Board has authority to adopt a rule which would allow a veteran applying for the state Hazlewood Act Tuition Exemption who is otherwise entitled to federal Chapter 33 benefits to not first exhaust his or her Chapter 33 benefits.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee